CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT, v. MERRICK COUNTY ET AL., APPELLEES.

FILED FEBRUARY 1, 1893.    No. 4656.

Taxes Upon Material for Railroad Construction: ENJOINING COLLECTION.   In an action to enjoin certain taxes assessed by the local assessor upon material for the construction of a railroad which was piled up near Central City and had so remained. for a long time, *held*, that the material was taxable, and in the absence of proof that it had been assessed by the state board, there was no presumption to that effect, and that the taxes assessed by the local assessor would not be enjoined.

APPEAL from the district court of Merrick county. Heard below before POST, J.

*A. W. Agee* and *Marquett & Deweese*, for appellant.

*A. Ewing* and *W. T. Thompson, contra.*

MAXWELL, CH. J.

In the years 1887 and 1888 the plaintiff was engaged in extending its line north from Central City and stored at that point a large quantity of material for the construction, repair, and operation of its said road. A portion of this material was not used for the purposes named, but remained on the ground at that point in the spring of 1889. This being so the assessor of Central City secured the listing of the property by the tax agent of the plaintiff and fixed the value of the property for the purposes of taxation at $60,242.54, and taxes to the amount of $2,948.75 were levied thereon. The plaintiff thereupon brought this action to enjoin the payment of the taxes and on the trial of the cause required the court to make special findings, which it did as follows :

"1. That said plaintiff is, and for several years last past has been, a corporation duly organized and existing according to law, and as such engaged in the operation of various lines of railroad in this state, of which it is the owner; that among said lines of railroad is a line of railroad extending from Lincoln to Aurora, Nebraska, through the counties of Lancaster, Seward, York, and Hamilton, and thence northerly to Central City, in Merrick county, which line is known as the Nebraska railroad and the Republican Valley railroad; also a line of railroad extending from Central City in Merrick county through the counties of Howard, Greeley, Garfield, and Valley, known as the Lincoln & Black Hills railroad, and various other lines, all being known as the Burlington system, and all owned and operated by the plaintiff under one common management and in one name, to-wit, The Burlington & Missouri River Railroad Company in Nebraska.

"2. That all of said lines of road are operated as a single

system and without any distinction between lines having different charter names, all lines being managed and controlled by the same general officers.

"3. That said Republican Valley railroad, and said Lincoln & Black Hills railroad were built during the years of 1887 and 1888.

"4. That for the purpose of constructing its said lines of railroad and keeping the same in repair, and constructing depot buildings, platforms, and telegraph lines necessary for the successful operation of its said several lines of railroad, and keeping the same in repair, material belonging to the plaintiff, and consisting of rails, ties, spikes, bolts, telegraph poles, and other material and fixtures, was shipped and piled up near Central City, Nebraska, in Lone Tree precinct, in close proximity to the main and side tracks of plaintiff's line of railroad at said point, a portion being within fifty-one feet of the main line of the center track of the plaintiff's line of road.

"5. The evidence does not show the extent of the plaintiff's depot grounds at Central City, nor its right of way through Lone Tree precinct, nor at any point in said precinct.

"6. The ground upon which said material was piled up lay on each side of the main track, and was about 3,000 feet long, and had running through it the main track and five side tracks, and was necessary for storing material necessary for the construction, operation, and repair of the plaintiff's lines of road.

"7. All of said material was personal property, necessary and intended for use, and was used in the construction, repair, and operation of plaintiff's lines of road, and was stored in said precinct temporarily for convenience in shipping out and using the same in the construction, repair, and operation of said lines of road. No part of the same was personal property for use in any general office building, machine shop, or repair shop, or store houses, or

for use at any particular point on said line of road, but the same was shipped out and used as needed in the construction and repair and operation of the various lines of road built, owned, and operated by the plaintiff.

"8. On the 25th day of May, 1889, one E. Van Tyle, who was then acting in the capacity of tax auditor for the plaintiff, or the Burlington & Missouri River Railroad Company in Nebraska, commonly known as the B. & M. R. R. R. Co., made out a list or schedule of the personal property of said B. & M. R. R. R. Co. subject to taxation in Lone Tree precinct, Merrick county, for said year, and the property so listed by said Van Tyle is the same property which is described in plaintiff's petition, and amounts to $60,242.34 in value.

"9. That said list or schedule was delivered by said Van Tyle to the precinct assessor of said Lone Tree precinct, and by him entered upon the tax list for said precinct, and assessed at $60,242.34.

"10. That said precinct tax list was afterwards returned to the county clerk of Merrick county, and after the assessments for said year had been equalized by the state and county boards of equalization, the tax complained of, to-wit, $2,948.75, was levied by the county board of Merrick county on account of the personal property so listed by said Van Tyle, and assessed by the assessor of Lone Tree precinct.

"11. That the said property so listed by said Van Tyle with the precinct assessor was transcribed on the county tax list for said year, and extended upon said lists as property of the B. & M. R. R. R. Co.

"12. The plaintiff did not appear before the board of equalization for said year for the purpose of having said assessment corrected, nor did the B. & M. R. R. R. Co., or its agents, or any of the agents for the plaintiff appear for said purpose.

"13. The property described in plaintiff's petition was

not returned by it or the B. & M. R. R. R. Co., or any of its or their agents, to the auditor of public accounts for assessment and taxation for said year by the state board of equalization, and the same has not been assessed for said year otherwise than by the assessor of said Lone Tree precinct.

"14. Neither the plaintiff nor the B. M. R. R. R. Co., nor any of their agents, have paid or offered to pay the taxes upon said property for said year 1889.

"15. That the defendant, J. B. Templin, as treasurer of said county, has issued a tax warrant for the collection of said tax to the defendant W. H. Crites, sheriff of said county; and that at the time of the commencement of this action said sheriff held said warrant and threatened to levy the same on and take possession of the cars and property of the plaintiff, and sell the same for the payment of said tax; and still threatens to, and will levy on such property and collect said tax, unless restrained by injunction.

"CONCLUSIONS OF LAW.

"1. That plaintiff had a plain, speedy, and adequate remedy at law.

"2. That on the facts as proved it is not entitled to relief in this proceeding.

"3. That plaintiff's bill should be dismissed.

"It is therefore ordered and decreed that the plaintiff's bill be dismissed and that it go hence without relief, and that the temporary injunction heretofore allowed be dissolved and discharged. It is further ordered and adjudged that defendants recover of and from the plaintiff, the costs herein expended taxed at $———."

The principal complaint of the plaintiff is, that there is no evidence to support the 13th finding, and that the presumption is that the state board assessed the property in question, hence it is liable to double taxation thereon. We must remember that the object of this action is to enjoin

the taxes in question, not because the property was not taxable, but because it had already been assessed. Relief is to be granted, if at all, upon proof of such double assessment. This proof is to be furnished by the plaintiff. Did the plaintiff return the property in question to the state board? If it did, the return will show. If it did not, it has no cause of complaint. The revenue law of this state is designed to make a fair and just apportionment of taxes upon all the taxable property of the state whether the owner be a wealthy corporation or a person of but little means. There is no complaint that the property is assessed too high or that the tax itself is unjust if the property has not already been assessed by the state board. The proof fails to show that it was so assessed. There is no equity in the petition and the judgment is

AFFIRMED.

NORVAL, J., concurs.

POST, J., not sitting.