CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT, v. WEBSTER COUNTY ET AL., APPELLEES.

FILED MAY 19, 1917.    No. 19556.

Taxation: ASSESSMENT: RAILROAD ACCESSORIES. A pipe line connecting springs with a water system established and operated by a railroad company, owner, for general railroad purposes at a station and roundhouse, and the necessary land around the springs, should be assessed by the state board of equalization and assessment, and not by the county board of equalization, though the property described is not within the regular railroad right of way and station grounds. Rev. St. 1913, secs. 6375-6377.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Byron Clark, Jesse L. Root* and *L. H. Blackledge,* for appellant.

*Frank J. Munday, contra.*

ROSE, J.

This is an appeal by the Chicago, Burlington & Quincy Railroad Company, plaintiff, from an order of the district court for Webster county sustaining an assessment made by the county board of equalization. The property assessed is owned by plaintiff and consists of three acres of land with springs thereon and 10,891 feet of water pipe connecting the springs with a water system established and operated by plaintiff for general railroad purposes at the station and roundhouse at Red Cloud. The springs are in Webster county outside of the regular right of way and outside of the city limits of Red Cloud. For the pipe line plaintiff acquired a right of way 25 feet wide. Water not needed for railroad purposes is at times diverted to the Red

Cloud water plant, but this seems to be a gratuitous service. The assessment was made for both 1914 and 1915, the property not having been taxed for the former year. Plaintiff contends that the county board of equalization had no authority to assess the property described, since the statute provides that it shall be assessed by the state board of equalization. In support of this contention plaintiff relies on the following provisions of statute:

"The state board of equalization and assessment is hereby empowered, and it is made its duty, to assess all property of the railroads and railroad corporations in the state of Nebraska; Provided, however, all machine repair shops, general office buildings, store houses, and also all real and and personal property outside of right of way and depot grounds as of and belonging to any such railroad and telegraph companies, shall be listed for purposes of taxation by the principal officers or agents of such companies with the assessors of any precinct of the county where such real or personal property may be situated." Rev. St. 1913, sec. 6375.

"The board on the first Monday in May in each year shall proceed to ascertain all property of any railroad company owning, operating or controlling any railroad or railroad service in this state, which, for the purpose of assessment and taxation, shall be held to include the main track, side track, spur tracks, warehouse tracks, road-bed, right of way and depot grounds, and all water and fuel stations, buildings and superstructures thereon, and all machinery, rolling stock, telegraph lines and instruments connected therewith, all material on hand and supplies provided for operating and carrying on the business of such road, in whole or in part, together with the moneys, credits, franchises and all other property of such railroad company used or held for the purpose of operating its road, and appraise and assess the same as personal property as herein provided." Rev. St. 1913, sec. 6376.

The statute also requires each railroad company, on or before April 15, to report to the state board of equaliza-

tion and assessment: "A complete list giving size, location as to county, township and city and village, material and value of all depots  *  *  *  or other buildings situated wholly or in part on the right of way, together with all platforms, fuel and water stations, and the machinery and tanks connected therewith." Rev. St. 1913, sec. 6377, subd. 3.

On the other hand, the county contends that the property assessed does not come within the class described as "right of way and depot grounds, and all water and fuel stations *  *  *  thereon."

The statute provides further: "The state board shall transmit to each county, as soon as practicable after receiving returns from the railroad company, a statement from such returns showing as to each county and railroad, all machine and repair shops, general office buildings, store houses, and also all real and personal property outside of such railroad right of way and depot grounds, not included in the property herein required to be assessed by the state board of equalization." Rev. St. 1913, sec. 6385.

In a literal sense the property in question is not right of way or depot grounds or water stations thereon. Within the intent of the statute, however, the property belongs to the class required to be assessed by the state board. The law makes it the duty of that body to assess "all property of the railroads" in this state. Rev. St. 1913, sec. 6375. There is an exception in the form of a proviso whereby "all machine repair shops, general office buildings, store houses, and also all real and personal property outside of right of way and depot grounds" shall be assessed by the local authorities. The statute adopts the following theory of taxation:

"A railroad, for the purpose of assessment and taxation, is considered as an entity, and includes all property that is held and used principally in the operation of the road and carrying on the business of transportation." *Chicago, B. & Q. R. Co. v. Box Butte County,* 99 Neb. 208.

A pumping station and a water tank constructed and used for railroad purposes on depot grounds are assessable by the state board. In the present instance plaintiff, for reasons of economy or efficiency, no doubt, adopted a different system to secure a water supply. The property is "used principally in the operation of the road and carrying on the business of transportation." Plants at different stations for the furnishing of water constitute a part of the railroad as an entity. The property in question should be assessed by the state board, and not by the county board.

The assessment in the present instance, however, should not be disturbed on appeal. The property in question was not reported to or assessed by the state board either in 1914 or in 1915. Having failed to report the property to, or to have it assessed by, the state board, plaintiff should not complain of the county board for placing it on the local tax list. The property was taxable, and plaintiff should not escape its proportion of the burden of taxation. *Chicago, B. & Q. R. Co. v. Merrick County,* 36 Neb. 176.

AFFIRMED.