REQUESTED BY: Dear Senator Murphy:
In your letter of March 28, 1979, you express concern about the constitutionality of LB 105, and its companion bill, LB 103. You question the constitutional propriety of assessing real property of railroads as personal property. We believe there is no constitutional problem with respect to these bills in the area you mention.
We point out that the provision about appraising and assessing some of the real estate of railroads the same as personal property did not originate with LB 105, but is found in the present law. Section 2 of LB 105 amends section77-602, R.R.S. 1943. That section now provides for ascertainment by the State Board of Equalization and Assessment of various itemized types of property belonging to railroads, including real property, and orders the board to `appraise and assess the same as personal property.' LB 105 does not change the general scheme of the statute, so what you are asking, in effect, is whether the present statute is valid.
This provision has been in section 77-602 since its enactment in 1903. As a matter of fact, its predecessor had a similar provision. The Nebraska Supreme Court has considered the system of taxing railroad property a number of times, and has not questioned this provision. The purpose is to permit a unified valuation of the property of the railroad, which would be very difficult to value piecemeal. In Chicago, B. Q. R. Co. v. Box Butte County, 99 Neb. 208,155 N.W. 881 (1915), we find this explanation of the system:
 ". . . The general purpose of this legislation is stated in State v. Savage, 65 Neb. 714, 750, as follows: `It seems reasonably clear that in assessing railroad and telegraph property, as contemplated by sections 39 and 40, the whole property belonging to any one corporation, and subject to assessment in this state, should be valued for tax purposes in its entirety, and that in such valuation should be included all elements going to make up the entire property, whether consisting of franchises or other intangible property, or physical property, be it real, personal or mixed.'. . ."
The court has, therefore, not felt that assessment of real property as personal property, in this situation, violates the uniformity requirement of Article VIII, section 1, of the Nebraska Constitution. We point out that, whether it is regarded as real property or personal property, it is required to be valued at actual value, and assessed at 35 percent of that value. So long as that is done, we do not believe the provision you inquire about violates uniformity of taxation.