FARMERS CO-OPERATIVE CREAMERY & SUPPLY COMPANY, APPELLEE, v. HENRY S. McDONALD ET AL., APPELLANTS.

FILED JANUARY 2, 1915. No. 18,795.

Taxation: BOARD OF EQUALIZATION: INCREASE OF ASSESSMENT: INJUNCTION. Under the provisions of section 6456, Rev. St. 1913, a county board of equalization must adjourn from time to time until the action of the state board of equalization shall have been had and certified to the county clerk. Since the state board is not authorized to meet until the third Monday in July of each year, a petition to enjoin the collection of a tax upon the sole ground that an increase in a personal assessment was made by the county board of equalization upon July 1 does not state a cause of action.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. Reversed.

*George A. Magney, Charles Haffke, Benjamin S. Baker* and *John A. Rine,* for appellants.

*R. M. Switzler, contra.*

LETTON, J.

Action to set aside an increased assessment made by the county board of equalization of Douglas county and to enjoin the collection of a tax based thereon. A demurrer to the petition was overruled. The defendant stood upon the demurrer. Judgment was rendered as prayed. Defendants appeal.

In substance, the petition alleges that in 1913 the county assessor valued and assessed the personal property of plaintiff for that year at $22,550. That the board of equalization met on June 10, 1913, for the purpose of equalizing valuations, and that on July 1, 1913, the board raised the valuation of the property of plaintiff to the sum of $80,000, and caused this increased valuation to be placed upon the assessment rolls for taxation purposes.

Plaintiff insists that the tax is void for the reason that the board of equalization is a tribunal of limited jurisdiction, and had no authority to act to increase the valuation after the expiration of 20 days from the first Tuesday after the second Monday in June. This is the sole complaint made.

Section 6437, Rev. St. 1913, is, so far as applicable, as follows: "The county board (of equalization) shall hold a session of not less than three and not more than twenty days, for the purpose contemplated in this section, commencing on the first Tuesday after the second Monday of June each year." This portion of section 6437 must be construed in connection with sections 6456 and 6447. Section 6456 provides: "The county board of equalization shall adjourn from time to time until the action of the state board of equalization and assessment shall have been had and certified to the county clerk, and, on the last day of sitting as a board of equalization, the county board shall levy the necessary taxes for the current year." Sec-

tion 6447 provides: "The state board of equalization and assessment shall, on the third. Monday of July of each year, meet at the state capitol for the purpose of equalizing assessments."

The increase in the assessment was made on the 1st of July. Under the statute the board had authority to act until after the third Monday in July. The petition does not state a cause of action.

The judgment of the district court is

REVERSED.

SEDGWICK and HAMER, JJ., not sitting.

The following opinion on motion for rehearing was filed March 13, 1915. *Former opinion modified and rehearing denied.*

Taxation: ASSESSMENT: EQUALIZATION: TIME WITHIN WHICH TO BE MADE. A county board of equalization is required to equalize and correct assessments in time for the county clerk to prepare and forward an abstract of the assessment rolls to the state board of equalization and assessment on or before July 10 of each year.

PER CURIAM.

On motion for rehearing our attention for the first time was called to section 6442, Rev. St. 1913, which provides in substance that the county assessor, immediately after the board of equalization shall have completed its labors, shall prepare an abstract of the assessment rolls, the values to be given as equalized and corrected by the county board, and forward it to the state board of equalization and assessment on or before the 10th day of July. This, of course, limits the time within which the county board of equalization may act. The statement in the former opinion, "Under the statute the board had authority to act until after the third Monday in July," is therefore incorrect, and the opinion is modified accordingly.

This, however, does not affect the former judgment, since the action of which complaint is made was had upon July 1. The motion for rehearing is therefore

OVERRULED.