Farmers Co-operative Creamery & Supply Co. v. McDonald.

---

FARMERS CO-OPERATIVE CREAMERY & SUPPLY COMPANY, APPELLEE, v. HENRY S. MCDONALD ET AL., APPELLANTS.

FILED JUNE 3, 1916. No. 19587.

1. **Taxation:** BOARD OF EQUALIZATION: INCREASE OF ASSESSMENT. A county board of equalization, since 1903, may without application or complaint by a taxpayer and upon its own initiative add omitted property to the assessment list of an individual or increase the valuation of his property, but in such case some complaint, charge or specification should be framed by the assessor, or by the board or some member of it, advising the person interested of the proposed change, and the assessment may not be increased until such person or his agent shall be previously notified, if found in the county.

100 Neb.—3

2. ———: ———: Sessions. A county board of equalization may hold a session of not more than 20 days for the purpose specified in section 6437, Rev. St. 1913, but it may adjourn from day to day or from time to time within the period fixed by sections 6437, 6442, Rev. St. 1913.

3. ———: ———: Increase of Assessment: Injunction. Where an assessment is increased by the county board of equalization without jurisdiction, a tax based upon the increased valuation is illegal and void, and its collection may be restrained by injunction.

Appeal from the district court for Douglas county: William A. Redick, Judge. Affirmed.

George A. Magney and Ray J. Abbott, for appellants.

R. M. Switzler, contra.

Letton, J.

Action to enjoin the collection of a portion of a tax for the reason that the board of equalization was without authority to increase the valuation over that returned by the assessor. Judgment for plaintiff. Defendants appeal. One phase of this case has previously been presented to this court, 97 Neb. 510.

After the cause was remanded, an amended petition was filed. Additional allegations were made to the effect that the board of equalization held its first meeting on June 10, and remained in session as such board of equalization by adjournment from day to day until July 1, and that the increase in the assessment was made without sufficient or proper notice and without any complaint being filed; that the assessment made by the assessor consisted of a large number of items separately valued, and that the increase made was in bulk or in gross without reference to the separate items; that the increase was made arbitrarily and without evidence, and the action of the board was taken on the 21st day after its session began, and after the limit fixed by the statute.

The defense is that as to time the matter was decided on the first appeal; that the plaintiff should have appeared

before the board at the time specified to make its defense; and that plaintiff had an adequate remedy at law by appeal to the district court.

The district court correctly found from the evidence that the assessment was increased on the 21st day of the session of the board, without complaint; that the increase was not made by separate items; that no witnesses were sworn and no testimony taken. It found as a matter of law that the action of the board in increasing the assessment was irregular and void, and enjoined the collection of the portion of the taxes based upon the increase.

Previous to the time the revenue laws of 1903 took effect, the county board was without power to change the assessment of an individual except "on the application of any person considering himself aggrieved or who shall complain that the property of another is assessed too low" (Comp. St. 1901, ch. 77, art. I, sec. 70), and it was uniformly held that the judgment of the assessor as to the valuation of property was presumed to be correct and no authority existed in the board of equalization to increase it except upon a complaint filed and notice given to the interested party. *State v. Dodge County*, 20 Neb. 595; *Dixon County v. Halstead*, 23 Neb. 697; *Grant v. Bartholomew*, 57 Neb. 673; *Bankers Life Ins. Co. v. County Board of Equalization*, 89 Neb. 469.

By the act of 1903 (Laws 1903, ch. 73) the following clauses were added to section 70 of the former law (section 121 of the new act) directing the board to: "(4) Adjust assessments for the county by raising or lowering the assessment of any person as to any or all the items of his assessment in such manner as to secure the listing of property at its actual value and the assessment of property at its taxable value. But in no case shall the assessment of any person be raised by the board until such person, or his agent, shall be previously notified, if such person or his agent be found in the county. (5) Also add to the assessment rolls any taxable property not in-

cluded therein, assessing the same in the name of the owner thereof as the assessor should have done, but no personal property shall be so added unless the owner thereof is previously notified, if he be found in the county." Sections 122–124 (Laws 1903) were also added. Section 122 provides, in substance, that when the board of equalization shall have reason to believe that any person has not listed all of his property, or that any property has not been fairly valued or assessed, it may call such person before it in person, with books, records and papers, if necessary. By section 123 the board may issue process to compel the attendance of any person to answer questions. By section 124 appeals may be taken from any action of the board of equalization within 20 days after its adjournment, and "the court shall hear the appeal as in equity and without a jury, and determine anew all questions raised before the board which relate to the liability of the property to assessment, or the amount thereof."

Decisions as to the power of the board rendered in controversies arising before the act of 1903 took effect are not controlling with respect to the new provisions. The board of equalization may, as it could under the former statute, act upon the application of any person who may deem himself aggrieved or any person who shall complain that any other is assessed too low, but since 1903 it may also on its own motion raise the assessment of any person after having notified such person or his agent, if he be found in the county. Whether this can be done without notice if the person or his agent be not found in the county, quœre.

Since the district court upon appeal can only consider "questions raised before the board which relate to the liability of the property to assessments, or the amount thereof," it is evident that, if no taxpayer complains, a complaint or specification of some sort should be framed by the assessor, or by the board or some member of it, advising the person interested of the change proposed to be made

in his assessment, and due notice be given of the time and place of hearing.

In *Western Union Telegraph Co. v. Douglas County*, 76 Neb. 666, it appeared that the county board caused a notice to be served on plaintiff that its assessment was too low, and requiring it to appear and show cause why it should not be raised. No written complaint was filed. The taxpayer appeared and made no demand for a complaint or objection to its absence. It was held that under such circumstances it had waived the irregularity, the board had jurisdiction, and the remedy was by appeal.

In *Bankers Life Ins. Co. v. County Board of Equalization*, 89 Neb. 469, the assessor added property said to be omitted from the schedule. No notice of the increase was given, but the taxpayer became apprised of the change and appeared before the board of equalization to protest. This was held to confer jurisdiction. It is said in the opinion that the change in the schedule should have been treated as a complaint by the assessor to the board, and notice given, but, the insurance company having appeared, it could not afterwards challenge the jurisdiction. *State Bank v. Seward County*, 95 Neb. 665; *Brown v. Douglas County*, 98 Neb. 299.

While the board may adjust the assessment by raising, if necessary, the valuation of the taxpayer's property, it can only be done after notice has been given to the taxpayer of the proposed change, and a question or issue raised by notice or complaint, however informal, before the board, from which an appeal may be taken. The proceedings need not be conducted with the preciseness or formality of a court, yet the rights of the individual safeguarded by the Constitution require that, even in tax proceedings, due process of law as prescribed in and suitable to such proceedings must be had.

Upon the former appeal of this case the question presented was whether a demurrer to a petition which alleged that the board regularly convened "on June 10, 1913, for the purpose of equalizing the valuation of the personal

property of the county, and on July 1 following the said board, acting as a board of equalization, raised the assessed valuation of the personal property of the plaintiff," should have been overruled. There was no allegation in the petition, as there is in the amended one now under consideration, that the board convened on the 10th day of June "and remained in session as such board of equalization, by adjournment from day to day, until the 1st day of July." The question considered was whether a board could act at all to increase assessments after 20 days' time, including Sundays, had expired, after June 10. The court was of opinion that it was unnecessary for the board to sit in continuous session; that it could adjourn from day to day or for intervals of several days, so long as the equalization was finished so that the county assessor was able to prepare the abstract of the assessment as equalized, and forward it to the state board of equalization on or before the 10th day of July, as required by section 6442, Rev. St. 1913, and that the mere allegation that the board acted on July 1 failed to show it had lost jurisdiction.

In *Sumner & Co. v. Colfax County*, 14 Neb. 524, under a former statute, it is said: "The power of the board of county commissioners to sit as a board of equalization, rectify the returns of assessors, and change the assessments of property, is limited by the express language of the statute to a term of time not exceeding ten days in any year, commencing on the third Monday of June, and in the nature of things ceases on or before the 10th day of July of each year, when by law it is the duty of the county clerk to make out and transmit to the auditor an abstract of such assessments."

We adhere to our former opinion on this point. It is settled by a number of decisions that, after the board has held sessions for 20 days, it has become *functus officio*, and its powers have ceased, and this fact is now disclosed by the petition and the evidence.

The judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.