HENRY HILLER, APPELLANT, V. CHARLES UNITT ET AL., APPELLEES.

FILED JUNE 12, 1925. No. 24515.

Taxation: COUNTY BOARD OF EQUALIZATION: JURISDICTION. The jurisdiction of a county board of equalization is limited to a session of 20 days, but it may adjourn from day to day or from time to time, and its jurisdiction will continue until such time as will enable the assessor to forward a copy of the assessment to the state board of equalization on or before July 10, of each year.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS, JUDGE. *Affirmed.*

*R. M. Switzler,* for appellant.

*W. W. Slabaugh, Henry J. Beal, Dana B. Van Dusen* and *John F. Moriarty, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

PER CURIAM.

Action to enjoin the collection of that portion of a tax represented by an increase of plaintiff's assessment upon the ground that the order for the increase was made after the expiration of 20 days, which is the statutory limit upon the session of the county board of equalization. The district court sustained the demurrer to the petition and dismissed the action, and plaintiff appeals.

The petition alleges that the county board of equalization met as required by law on June 10, 1924, its meeting days being June 10, 11, 12, 13, adjourning to June 16, 17, 18, 19, 20, adjourning to June 23, 24, 25, 26, 27, adjourning to June 30, and July 1, and that the increase of assessment complained of was made July 1. The claim of the plaintiff is that the authority of the board expired by statutory limitation June 30.

The question involves the construction of section 5972, Comp. St. 1922, which is as follows:

"The county board shall hold a session of not less than three nor more than twenty days, for the purpose contemplated in this section, commencing on the first Tuesday after the second Monday of June each year."

Plaintiff contends that the sittings, whether continuous or not, may not extend beyond 20 days from the first Tuesday after the second Monday of June; while defendant insists that the 20 days are sitting days, and that intervening days between sessions are not to be counted in determining the period of the jurisdiction of the board to equalize assessments.

By section 5977, Comp. St. 1922, the county assessor, immediately after the board of equalization have completed their labors, is required to forward an abstract of the

assessment to the state board of equalization on or before the 10th day of July.

The argument of plaintiff is persuasive, but we have had the same question before us in construing similar sections of the Revised Statutes of 1913 (sections 6437, 6442), and we held in *Farmers Cooperative Creamery &| Supply Co. v. McDonald*, 97 Neb. 510, rehearing page 512, and in the same case upon a second appeal, 100 Neb. 33, in effect, that, while the jurisdiction of the board is limited to a session of 20 days, it had power to adjourn from day to day or from time to time until July 10, when the assessment is required to be reported to the state board.

It appearing in the present case that the actual sittings of the board prior to July 10 were for 16 days only, and the assessments complained of were made on the last day of the session, we are of opinion that the county board acted within its jurisdiction under the rules announced in the cases above cited, which we have reconsidered and find no good reason to depart from.

The judgment is

AFFIRMED.