MISSOURI PACIFIC RAILROAD CORPORATION IN NEBRASKA, APPELLEE, v. BOARD OF EQUALIZATION OF RICHARDSON COUNTY, APPELLANT.

FILED DECEMBER 8, 1925. No. 24286.

1. **Taxation:** COUNTY BOARD OF EQUALIZATION: JURISDICTION. The jurisdiction of a county board of equalization is limited to a session of 20 days, but it may adjourn from day to day or from time to time, and its jurisdiction will continue until such time as will enable the assessor to forward a copy of the assessment to the state board of equalization on or before July 10 of each year, and the board will have jurisdiction, within the time limited, to hear the protest of any taxpayer who may properly present a protest against the assessment made against his property.

2. **Record** reviewed, and *held* free from error.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*F. N. Prout,* for appellant.

*J. A. C. Kennedy* and *Charles F. McLaughlin, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

This is an appeal by Richardson county from a judgment entered in the district court for that county reversing a finding of its board of equalization in the matter of the assessment made against the property of the Missouri Pacific Railroad Corporation.

In June, 1923, the county assessor of Richardson county appraised certain property of the railroad situated within the county, and gave notice of this assessment to the tax department of the company. Included in the assessment made were two parcels of ground, one consisting of 33.1 acres and another of .999 acres. A roundhouse, machine shops, etc., are situated upon the larger tract, and the office building of the company, at Falls City, is located upon the smaller tract. As provided by statute, the county board of equalization convened on June 12, 1923. On June 29, the board still being in session, the local superintendent of the company notified the county assessor that the company wished to protest the assessment made, and, by mutual agreement, the date for hearing of the protest was set for July 5, 1923. On the day agreed upon, the representatives of the company appeared before the board, but were informed that the period within which protests might be filed and heard had expired, as more than 20 days had passed since the date upon which the board convened, but that the board would hear the protest, reserving the question of jurisdiction for a later ruling. A hearing was then had on the company's protest, which alleged:

"(1) The assessment upon the machine and blacksmith shops, storage buildings and office building is too high.

"(2) The assessment of the 33.10-acre tract and the buildings thereon situated is illegal, except such part of said assessment as may be levied upon machine repair shops, general office buildings or store house thereon located, for the reason that said tract and buildings is not subject to local assessment and is included in the return made by the Missouri Pacific Corporation in Nebraska to the state tax

commissioner of the state of Nebraska under and pursuant to the laws of the state of Nebraska.

"(3) That the assessment on the .999-acre tract and the buildings thereon situated is illegal, except such part of said assessment as may be levied upon machine repair shops, general office buildings or store house thereon located, for the reason that said tract and buildings is not subject to local assessment and is included in the return made by the Missouri Pacific Corporation in Nebraska to the state tax commissioner of the state of Nebraska under and pursuant to the laws of the state of Nebraska."

On July 9, 1923, the board of equalization dismissed this protest "for lack of jurisdiction." The railroad company took an appeal to the district court, and that court held that the board of equalization erred in holding that it did not have jurisdiction to hear and determine the protest, and entered a decree in which assessments made upon the two parcels of land were set aside, as were, also, the assessments made upon the power house and certain other buildings. In respect to all other items of the assessment, the court confirmed the appraisement made by the county assessor.

Appellant's first assignment of error deals with the jurisdiction of the court to hear the appeal taken from the decision of the board of equalization. It is argued that on the date of hearing by the board, July 5, 1923, the 20-day period provided by statute had expired and thus the board of equalization was without jurisdiction, and, that body being without jurisdiction, the court could not acquire jurisdiction. It is true that the date set for hearing the protest was more than 20 days after the board had convened, but the statute (Comp. St. 1922, sec. 5979) provides that the county board may take adjournments from time to time awaiting the action of the state board of equalization. In *Hiller v. Unitt,* 113 Neb. 612, it is held:

"The jurisdiction of a county board of equalization is limited to a session of 20 days, but it may adjourn from day to day or from time to time, and its jurisdiction will

continue until such time as will enable the assessor to forward a copy of the assessment to the state board of equalization on or before July 10, of each year."

The record does not show that the board had held a session of 20 days, and, in the absence of such showing, the trial court did not err in holding that the board of equalization had jurisdiction to hear the protest of the taxpayer.

In addition to the question of jurisdiction already discussed, and applying to the property held to be exempt from local assessment, appellant has advanced the following proposition:

"The property being off the right of way of the railroad and being of the character embraced within the proviso of the statute, it was the duty of the officers of the company to list it for taxation with the county assessor."

This assignment is based upon appellant's construction of section 5839, Comp. St. 1922, which, among other things, provides that all machine repair shops, general office buildings, store houses, and also all real and personal property outside of the right of way and depot grounds, etc., shall be listed for taxation with the local assessor. It is argued that the right of way should be held to be a strip of ground only 200 feet in width. However, this court has held in *Chicago, B. & Q. R. Co. v. Box Butte County*, 99 Neb. 208:

"A railroad, for the purpose of assessment and taxation, is considered as an entity, and includes all property that is held and used principally in the operation of the road and carrying on the business of transportation."

And in *Chicago, B. & Q. R. Co. v. Webster County*, 101 Neb. 311:

"A pipe line connecting springs with a water system established and operated by a railroad company, owner, for general railroad purposes at a station and roundhouse, and the necessary land around the springs, should be assessed by the state board of equalization and assessment, and not by the county board of equalization, though the property described is not within the regular railroad right of way and station grounds. Rev. St. 1913, secs. 6375-6377."

Giving effect to the holdings just quoted, it logically follows that the property covered by this assessment was not subject to local assessment, and the trial court did not err in striking it from the local assessment rolls.

The judgment of the district court is

AFFIRMED.

Note—See Taxation, 37 Cyc. 1075 (Ann).