GEORGE EWERT IMPLEMENT COMPANY, A CORPORATION, APPELLANT, V. BOARD OF EQUALIZATION OF PLATTE COUNTY, NEBRASKA, APPELLEE.

70 N. W. 2d 397

Filed May 20, 1955. No. 33714.

*Wagner, Wagner & Robak,* for appellant.

*Byron Reed,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from the judgment of the district court for Platte County sustaining the action of the Platte County Board of Equalization in raising assessments of undervalued business inventories on September 24, 1953. It is the contention of the plaintiff-appellant that the county board of equalization was without power to increase the valuation of the property for assessment purposes on the date on which it was done. From an adverse judgment the plaintiff property owner appeals.

The appeal comes to this court in the form of a case stated. The facts agreed upon are as follows: Plaintiff filed its tax schedule on April 17, 1953, fixing the 50

percent tax value of its business inventory at $36,555. The county board of equalization convened on the first Monday in May 1953, and made no change in plaintiff's schedule prior to 40 days thereafter. On June 30, 1953, the county assessor certified the abstract of all property assessed in Platte County to the Tax Commissioner. On August 31, 1953, the county board of equalization met in special session for the purpose of equalizing assessments of omitted or undervalued property relating to the business inventories of 133 business firms in Platte County. On September 24, 1953, after notice and opportunity for hearing, the board of equalization raised the assessed value of plaintiff's property, designated as its business inventory, from $36,555 to $74,065, and the tax levied thereon appears as a lien on plaintiff's personal property. It is stipulated that the acts of the board of equalization in raising said value took place more than the 40 days it was authorized to regularly meet after the board convened, after the county assessor's abstract was made up for 1953, and after the abstract had been certified to the Tax Commissioner. The increase was not made by adding specific items of omitted property, but by raising the assessed value of the property. Neither party admits or denies the actual value of the merchandise. The issues are limited by agreement to the question of the jurisdiction of the county board of equalization to take the action it did on September 24, 1953.

The plaintiff relies on Hiller v. Unitt, 113 Neb. 612, 204 N. W. 208; State v. Odd Fellows Hall Assn., 123 Neb. 440, 243 N. W. 616; and similar cases. In these cases it was held that a county board of equalization was limited to a session of a designated number of days and that its powers ended, in any event, when the assessor's abstract was certified to the Tax Commissioner in the time and manner prescribed by statute. The period of time in which a county board of equalization could deal with omitted or undervalued property was limited, prior to the 1947 amendment, to the foregoing period. After

the adjournment of the county board of equalization, the authority to deal with omitted or undervalued property was lodged in the Tax Commissioner and the State Board of Equalization and Assessment. §§ 77-306 to 77-314, R. S. 1943. The cases cited by the plaintiff are not applicable since the 1947 amendment was adopted. Fromkin v. State, 158 Neb. 377, 63 N. W. 2d 332.

In 1947 the Legislature empowered a county board of equalization to meet at any time for purposes of reviewing and equalizing all assessments. Laws 1947, c. 251, § 36, p. 826. In 1949 this provision was limited by an amendment which empowered a county board of equalization to meet at any time for the purpose of equalizing assessments of any omitted or undervalued property. Laws 1949, c. 233, § 1, p. 644. In 1953 this section was again amended to read as follows: "The county board of equalization shall hold a session of not less than three and not more than forty days, for the purpose contemplated in sections 77-1502 to 77-1507, commencing on the third Monday of May each year. It shall be authorized and empowered to meet at any time upon the call of the chairman or any three members of the board for the purpose of equalizing assessments of any omitted or undervalued property. The board shall maintain a written record of all .proceedings and actions taken, which shall be available for inspection in the office of the county assessor." § 77-1502, R. S. Supp., 1953. See, also, Fromkin v. State, *supra.*

It appears to us that the authorities cited by the plaintiff still apply to matters contemplated by the first sentence of section 77-1502, R. S. Supp., 1953. But as to the second sentence, the power of the county board of equalization to deal with omitted and undervalued property is greatly extended from what it was prior to 1947. The county board of equalization is authorized in terms by the second sentence of section 77-1502, R. S. Supp., 1953, to equalize assessments of omitted or undervalued property. It is clear therefore that the second sentence of

section 77-1502, R. S. Supp., 1953, was intended as an extension of the power of the county board of equalization. The use of the words "at any time" therein certainly means that the assessment of omitted or undervalued property may be dealt with after the expiration of the 40 days and after July 1, the date the county assessor is required to forward a certified copy of the abstract of the assessment rolls to the Tax Commissioner. The requirement that an assessment of any person may not be raised without notice, as contained in section 77-1506, R. R. S. 1943, is applicable to the proceeding. Such person may appeal from any such action taken by the county board of equalization as provided by section 77-1510, R. R. S. 1943.

The method of listing, assessing, and equalizing property for purposes of taxation is a legislative matter. The decisions of this court prior to 1947 deal with a statute which differs greatly from the one presently before the court. They are correct as to the statute then being considered. But to give the same meaning to the present statute would have the effect of rendering the second sentence of section 77-1502, R. S. Supp., 1953, completely nugatory. We have repeatedly adhered to the rule that in construing a statute effect must be given, if possible, to all its several parts, and no sentence, clause, or word therein should be rejected as meaningless or superfluous, if such construction can be avoided. Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409; Nacke v. City of Hebron, 155 Neb. 739, 53 N. W. 2d 564. We must conclude, therefore, that the former rule limiting the exercise of the powers of a county board of equalization to the period prescribed for its annual meeting is no longer controlling. Fromkin v. State, *supra.* In addition to the limited powers it formerly had it is now given further powers relating to equalizing assessments of omitted or undervalued property. As to the latter, the county board of equalization has authority to act

at any time, subject to the statutory provisions for notice and the right of appeal.

We call attention to the fact that prior to 1947 it was the duty of the precinct assessor to list, value, assess, and return all property in the precinct subject to taxation. § 77-405, R. S. 1943. In 1947 the office of precinct assessor was abolished and the taxpayer was required to file his own schedules. § 77-405.01, R. R. S. 1943. An additional statute was enacted providing that the county assessor, with the aid of his deputies and assistants, shall check all returns. § 77-411, R. R. S. 1943. Additional power was given the county board of equalization to meet after its annual meeting to take action on situations where it could be shown that the taxpayer had failed to list or had undervalued some or all of his property. This authority was granted by the second sentence of section 77-1502, R. S. Supp., 1953. It was, in effect, a grant of the same power to the county board of equalization which may be exercised by the Tax Commissioner and the State Board of Equalization and Assessment under sections 77-306 to 77-314, R. R. S. 1943. It seems clear to us that under the first sentence of section 77-1502, R. S. Supp., 1953, the county board of equalization is required to hold an annual meeting to hear protests of taxpayers whose property is alleged to be overvalued and to perform its general function of equalization. After the close of the annual meeting, the jurisdiction of the county board of equalization is limited to the equalization of the assessments of omitted and undervalued property. The intent of the Legislature is plain that it did not intend that a taxpayer could reap the benefit of an incorrect or false valuation or listing of property simply because his tax schedules could not be checked and acted upon within the 40-day period to which the annual meeting of the county board of equalization was limited.

We think the position taken by the defendant county board of equalization as to the meaning of section 77-

1502, R. S. Supp., 1953, is the correct one. The judgment of the district court was in accord with this interpretation of the statutes. The judgment is correct and is affirmed.

AFFIRMED.