REQUESTED BY: Fred A. Herrington, State Tax Commissioner, Nebraska Department of Revenue.
Must action by the county board of equalization to raise or lower by percentage the valuation of classes of property, pursuant to Neb.Rev.Stat. § 77-1506.02 (Reissue 1976) be completed by May 30th?
If the answer to question 1 is in the negative, by what date must such action be taken?
No.
Prior to certification of the abstract of assessment rolls to the State Board of Equalization and Assessment, pursuant to Neb.Rev.Stat. § 77-1514 (Reissue 1976), and not later than July 1st.
1. The county board of equalization holds its regular session for the purpose of reviewing and deciding protests, commencing on April 1st and ending on May 30th. After the expiration of that date it loses jurisdiction to take any action with respect to individual protests. However, 77-1502
provides that the board may meet at any time for the purpose of equalizing assessments of omitted or undervalued property. In Ewert Implement Company v. Board of Equalization,160 Neb. 445, 70 N.W.2d 397 (1955), the court said that older cases, predating the 1947 amendment granting this authority, which limited the power of the board to act to the time specified in the statute still applied to the board's hearing and acting on individual protests, but that they did not limit the board's jurisdiction to act on omitted or undervalued property, and that the statute, in saying `at any time,' meant what it said.
In 1971 the Legislature passed Neb.Rev.Stat. 77-1506.02
(Reissue 1976). This section provides:
 Upon completion of equalization of assessments of individual parcels of lands and improvements and of assessments of personal property of individuals, pursuant to sections 77-1503 to 77-1507 and 77-1506.01, the county board of equalization shall have authority to raise or lower by percentage the valuation of all of a class or all of a subclass, as defined by the Tax Commissioner by rule and regulation, of property within the county; Provided, public notice shall be given by publication in a newspaper of general circulation within the county stating the intention of the board. Such notice shall be given ten days before final action is taken by the board in regard to such matters. Nonresidents of the county in which such real estate is situated shall be notified by mail of increases in valuation if such nonresident owners shall have an address of record on file with the county assessor as of January 1, annually.
As you will note, the statute provides that the action can be taken `upon completion of equalization of individual parcels of lands and improvements,' etc. It further provides that action by the board must be preceded by ten days published notice, and by notice mailed to nonresident owners whose addresses are on file with the county assessor. Furthermore, we assume that interested parties would have an opportunity to appear and present evidence for and against the contemplated action, and the board might need some time to consider the evidence and reach a decision.
If we were to conclude that the action must be taken by May 30th, we would necessarily have to conclude that the time within which the board was to act on individual protests had been shortened by whatever time it took to decide that action on some classes was necessary, to published notice, to hold hearings, to reach a decision, and to take action. We can detect no intention on the part of the Legislature to shorten the regular time for the board to act on individual protests. We therefore conclude that the limitation of the meeting of the board to a session between April 1st and May 30th, found in § 77-1502, applies only to the session to hear individual protests, and does not apply to actions taken pursuant to § 77-1506.02.
2. Section 77-1506.02 does not contain a deadline for action by the county board, such as the May 30th deadline for action on individual protests, nor does it use the `at any time' language applicable to the assessment of undervalued or omitted property. Under the circumstances, we believe a deadline must be inferred.
The abstracts of assessments are to be prepared by June 25th, and forwarded to the State Board of Equalization by July 1st, pursuant to § 77-1514. If action were to be taken on classes of property by the county board after the abstracts were sent to the state board, it would make it difficult or impossible for the state board to perform its function of intercounty equalization. Making individual changes as to omitted or undervalued property even after the state board has acted would not ordinarily have very much effect on the valuations of the county as a whole, but making percentage changes of classes of property would.
In Farmers Cooperative Creamery and Supply Company v.McDonald, 97 Neb. 510, 150 N.W. 640 (1915), under an old statute which provided for a certain number of days of hearings for the county board of equalization, and which permitted adjournments, the court held that since the county assessor was required to prepare an abstract of the assessment rolls and forward it to the State Board of Equalization and Assessment on or before July 10th, `This, of course, limits the time within which the county board of equalization may act.' In Fromkin v. State, 158 Neb. 377,63 N.W.2d 332 (1954) the court discussed Farmers CooperativeCreamery and Supply Company, and other cases, and said that by construction those cases held that the county board had jurisdiction until the date the abstract of assessment `was to be sent to the state board.' Later in that same opinion, however, the court referred to the statutory July 1st date for sending the abstract of assessment to the state board as not being a deadline that invalidated a subsequent preparation and filing.
It could therefore be argued that the county board could take action after July 1st, if the abstract had not been sent to the state board. However, we believe that the language of the cases, particularly Farmers CooperativeCreamery, seems to imply that the statutory date for forwarding the abstract limits the jurisdiction of the county board. We therefore conclude that the county board has jurisdiction to act pursuant to § 77-1506.02 until the county abstract of assessments has been forwarded to the state board, but not later than July 1st.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General